Jeremy S. Golden (SBN 228007)
Cory M. Teed (SBN 299780)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
cory@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO LARA JR.,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; MERCHANTS CREDIT GUIDE COMPANY; PENNYMAC LOAN SERVICES, LLC; BANK OF AMERICA, N.A.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: **'20CV2449 MMA MDD**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1) This is an action for damages brought by an individual consumer against Defendants for actual, statutory and punitive damages, and costs and attorneys' fees brought pursuant to 15 U.S.C. §1681 *et seq.* (Fair Credit Reporting Act "FCRA") and the California Consumer Credit Reporting Agencies Act, Civil Code §1785.1 *et seq.* ("CCRAA") both of which prohibit unlawful credit reporting; and against Defendant Merchants Credit Guide Company for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*.

("FDCPA") and against Defendants Merchants Credit Guide Company, PennyMac Loan Services, LLC, and Bank of America, N.A. for violations the California Rosenthal Act, Civil Code §1788 *et seq.* ("Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices; and against Defendants Merchants Credit Guide Company, PennyMac Loan Services, LLC, and Bank of America, N.A. for violation of the California Identity Theft Act, Civil Code §1798.92 *et seq.*

## II. JURISDICTION AND VENUE

2) Jurisdiction of this Court arises under 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3) Plaintiff ALFREDO LARA JR. is a natural person residing in the state of California, County of San Diego.

4) Defendant MERCHANTS CREDIT GUIDE COMPANY ("MERCHANTS") at all times relevant was a company doing business in San Diego County, California operating from an address at 223 W. Jackson Blvd. #700, Chicago, IL 60606. MERCHANTS is a company who in the ordinary course of business regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies about the corporation's own transactions or experiences with one or more consumers as defined in California Civil Code §1785.25. MERCHANTS furnishes consumer information to consumer reporting agencies. MERCHANTS is engaged in the collection of debts from consumers using the mail and telephone. MERCHANTS regularly attempts to collect consumer debts alleged to be due to another. MERCHANTS is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) and by the Rosenthal Act, California Civil Code §1788.2(c).

5) Defendant PENNYMAC LOAN SERVICES, LLC ("PENNYMAC") at all times relevant was a company doing business in San Diego County, California operating from an address at 3043 Townsgate Road, Suite 200, Westlake Village, CA 91361.

PENNYMAC is a company who in the ordinary course of business regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies about the corporation's own transactions or experiences with one or more consumers as defined in California Civil Code §1785.25.  PENNYMAC furnishes consumer information to consumer reporting agencies.  PENNYMAC is also engaged in the collection of debts from consumers using the mail and telephone.  PENNYMAC regularly attempts to collect consumer debts alleged to be due. PENNYMAC is a "debt collector" as defined by the Rosenthal Act, California Civil Code §1788.2(c).

6)     Defendant BANK OF AMERICA, N.A. ("BOFA") at all times relevant was a company doing business in San Diego County, California operating from an address at 110 North Tyron Street, Suite 170, Charlotte, NC 28202.  BOFA is a company who in the ordinary course of business regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies about the corporation's own transactions or experiences with one or more consumers as defined in California Civil Code §1785.25. BOFA furnishes consumer information to consumer reporting agencies.  BOFA is also engaged in the collection of debts from consumers using the mail and telephone.  BOFA regularly attempts to collect consumer debts alleged to be due. BOFAis a "debt collector" as defined by the Rosenthal Act, California Civil Code §1788.2(c).

7)     Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN") at all times relevant was a corporation doing business in San Diego County, California operating from an address at 475 Anton Blvd., Costa Mesa, CA 92626.  EXPERIAN is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. EXPERIAN disburses such consumer reports to third parties under contract for monetary compensation.

8)     The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through

10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiffis informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

9) Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

10) The purported debts that MERCHANTS, PENNYMAC, and BOFA each attempted to collect from Plaintiff were each a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

11) Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code §1788.2(h).

12) The purported debts which MERCHANTS, PENNYMAC, and BOFA each attempted to collect from Plaintiff is a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

13) MERCHANTS, PENNYMAC, and BOFA are each a "claimant" as defined under the Identity Theft Act, Civ. Code § 1798.92(a).

14) Plaintiff is a "victim of identity theft" as defined by Civ. Code § 1798.92(d).

## IV.  FACTUAL ALLEGATIONS

15) Plaintiff is a victim of identity theft.  Plaintiff did not open an account with MERCHANTS, PENNYMAC, BOFA (the "Furnishers") or OneMain Financial or any of the companies alleged predecessors in interest.  An identity thief opened the alleged accounts in Plaintiff's name (the "Accounts").

16) The Accounts were obtained as a result of identity theft as Plaintiff did not authorize anyone to open the Account under her name or as a co-signor.  The opening of the

1 Accounts and the alleged Account balances were incurred as a result of identity theft.

2  17) Plaintiff was not obligated on the Furnishers' Accounts or the OneMain Account as the balances were created as a result of identity theft.

18) Plaintiff filed a police report with regards to the identity theft.

19) The Furnishers and OneMain Financial are each reporting an Account to Plaintiff's EXPERIAN credit file.

20) The information the Furnishers and OneMain Financial are each reporting to EXPERIAN is false as Plaintiff never had an account with the Furnishers, OneMain Financial, or any of the companies predecessor in interest and never authorized anyone to open any account with the Furnishers, OneMain Financial, or any of the companies predecessor in interest.

21) Plaintiff disputed the false information with EXPERIAN in writing and attached a copy of his police report as he does not owe on the Accounts. EXPERIAN further notified the Furnishers of the disputes and provided them a copy of the police report.

22) Defendants failed to conduct reasonable investigations into the disputes alleged by Plaintiff and continued to report the inaccurate accounts on his credit file.

23) EXPERIAN negligently produced consumer reports with respect to Plaintiff's credit that contained the false information.

24) EXPERIAN further negligently failed to maintain reasonable procedures designed to avoid the reporting of the false information.

25) The Furnishers continued to collect on the Accounts after it had knowledge Plaintiff was the victim of identity theft.

26) The Furnishers reported the Accounts to EXPERIAN after it had been disputed.

27) The reporting was inaccurate as Plaintiff did not owe on the Accounts.

28) As a result of the acts alleged above, Plaintiff suffered emotional distress and damage to his credit worthiness.

//
//

## V.  FIRST CLAIM FOR RELIEF

### (Against All Defendants for Violations of the FCRA)

29)  Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

30)  EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

31)  EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to the Furnishers; and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

32)  The Furnishers violated 15 U.S.C. §1681s-2(b) by furnishing the false information after Plaintiff's disputes; by failing to fully and properly investigate Plaintiff's disputes; by failing to review all relevant information regarding same; by failing to accurately respond to EXPERIAN; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the false information to EXPERIAN.

33)  The Defendants' unlawful conduct was willful.

34)  Plaintiff is entitled to recover damages under 15 U.S.C. §§1681n and/or 1681o.

35)  Plaintiff is further entitled to recover costs and attorneys' fees pursuant to 15 U.S.C. §§1681n and/or 1681o.

## VI.   SECOND CLAIM FOR RELIEF

### (Against All Defendants for Violation of the CCRAA)

36)  Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

37)  Defendants violated the CCRAA, by including but not limited to, the following:

    (a)  EXPERIAN violated California Civil Code §1785.14(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the

information concerning Plaintiff;

  (b) EXPERIAN violated California Civil Code §1785.16 by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file; and

  (c) The Furnishers violated California Civil Code §1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency that the Furnishers knew or should have known was incomplete or inaccurate.

38) Defendants' acts as described above were done negligently and/or intentionally with the purpose of coercing Plaintiff to pay the alleged debts.

39) As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

40) Defendants' violations were willful and knowing.  Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1785.31.

## VII.  THIRD CLAIM FOR RELIEF

**(Against Defendant MERCHANTS and Does 1-5 for Violation of the FDCPA)**

41) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

42) MERCHANTS violated the FDCPA.  MERCHANTS' violations include, but are not limited to, the following:

  (a) MERCHANTS violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

  (b) MERCHANTS violated 15 U.S.C. § 1692e(2)(a) by giving the false impression of the character, amount or legal status of the debt;

  (c) MERCHANTS violated 15 U.S.C. § 1692e(8) by communicating or

      threatening to communicate credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

(d)  MERCHANTS violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(e)  MERCHANTS violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt; and

(f)  MERCHANTS violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law.

43)  As a result of the above violations of the FDCPA, MERCHANTS is liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VIII.  FOURTH CLAIM FOR RELIEF
(**Against Defendants MERCHANTS, PENNYMAC, and BOFA and Does 6-10 for Violation of the Rosenthal Act**)

44)  Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

45)  Defendants violated the Rosenthal Act, by including but not limited to, the following:

(a)  MERCHANTS, PENNYMAC, and BOFA violated California Civil Code §1788.17(a) by failing to comply with 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

(b)  MERCHANTS, PENNYMAC, and BOFA violated California Civil Code §1788.17(a) by failing to comply with 15 U.S.C. § 1692e(2)(a) by giving the false impression of the character, amount or legal status of the debt;

(c) MERCHANTS, PENNYMAC, and BOFA violated California Civil Code §1788.17(a) by failing to comply with 15 U.S.C. § 1692e(8) by communicating or threatening to communicate credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

(d) MERCHANTS, PENNYMAC, and BOFA violated California Civil Code §1788.17(a) by failing to comply with 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(e) MERCHANTS, PENNYMAC, and BOFA violated California Civil Code §1788.17(a) by failing to comply with 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt; and

(f) MERCHANTS, PENNYMAC, and BOFA violated California Civil Code §1788.17(a) by failing to comply with 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law.

46) Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

47) As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

48) Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## IX.  FIFTH CLAIM FOR RELIEF

(**Against Defendants MERCHANTS, PENNYMAC, and BOFA and Does 6-10 for Violation of the Violation of the Identity Theft Act**)

49) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

50) Plaintiff is a victim of identity theft.

51) MERCHANTS, PENNYMAC, and BOFA received written notice that a situation of identity theft may exist more than 30 days prior to the filing of this action.

52) MERCHANTS, PENNYMAC, and BOFA failed to diligently investigate the Plaintiff's notification of a possible identity theft.

53) MERCHANTS, PENNYMAC, and BOFA continued to pursue its claim against Plaintiff after Plaintiff presented facts pertaining to the identity theft.

54) MERCHANTS, PENNYMAC, and BOFA is in violation of Civ. Code § 1798.92 *et seq*.

55) As a proximate result of MERCHANTS, PENNYMAC, and BOFA's violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

56) MERCHANTS, PENNYMAC, and BOFA is liable to Plaintiff for a declaratory judgment, actual damages, attorney's fees, costs, equitable relief, and a civil penalty pursuant to Civ. Code § 1798.92 *et seq*.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, and each of them, for the following:

(a) Actual damages;
(b) Statutory damages;
(c) Costs and reasonable attorneys' fees;
(d) A declaration that Plaintiff is not obligated to the Defendants on the Account pursuant to Civ. Code §1798.93(c)(1);
(e) A declaration that any security interest or other interest the Defendants had purportedly obtained in the Plaintiff's property in connection with that claim is void and unenforceable pursuant to Civ. Code §1798.93(c)(2);
(f) An injunction restraining the Defendant from collecting or attempting to collect from the Plaintiff on that claim, from enforcing or attempting to enforce any security interest or other interest in the Plaintiff's property in connection

with that claim, or from enforcing or executing on any judgment against the Plaintiff on that claim pursuant to Civ. Code § 1798.93(c)(3);

(g) Actual damages, attorney's fees, and costs, and any equitable relief that the court deems appropriate pursuant to Civ. Code § 1798.93(c)(5);

(h) A civil penalty, in addition to any other damages, of thirty thousand dollars ($30,000) pursuant to Civ. Code § 1798.93(c)(6);

(i) Punitive damages; and

(j) For such other and further relief as the Court may deem just and proper.

Date: December 16, 2020           /s/Jeremy S, Golden_____
                                  Jeremy S. Golden
                                  Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: December 16, 2020           /s/Jeremy S. Golden
                                  Jeremy S. Golden
                                  Attorney for Plaintiff