UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO LARA JR.,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 20-cv-2449-MMA (MDD)<br><br>**ORDER GRANTING PENNYMAC LOAN SERVICES, LLC'S MOTION TO DISMISS**<br><br>[Doc. No. 8] |

　　　　On December 12, 2020, Plaintiff Alfredo Lara Jr. ("Plaintiff") filed a Complaint against Experian Information Solutions, Inc., Merchants Credit Guide Company, Pennymac Loan Services, LLC, and Bank of America, N.A.  *See* Doc. No. 1 ("Compl."). Plaintiff seeks to recover under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), the California Credit Consumer Reporting Agencies Act, Cal. Civ. Code § 1785.1 *et seq.* ("CCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the California Rosenthal Act, Cal. Civ. Code § 1788 *et seq.* ("Rosenthal Act"), and the California Identity Theft Act, Cal. Civ. Code § 1798.92 *et seq.* ("CITA").

　　　　Defendant Pennymac Loan Services, LLC ("Pennymac") moves to dismiss, or in the alternative, for a more definite statement.  *See* Doc. No. 8.  Plaintiff filed an

opposition, to which Pennymac replied.  *See* Doc. Nos. 11, 12.  The Court found the matter suitable for disposition on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1.  *See* Doc. No. 13.  For the reasons set forth below, the Court **GRANTS** Pennymac's motion to dismiss.

## I. BACKGROUND

Plaintiff alleges that he is the victim of identity theft.  *See* Compl. at ¶ 15.  According to him, an identity thief opened an account in his name with Pennymac (the "Account").[1]  *See id.*  He asserts he did not authorize anyone to open the Account.  *See id.* at ¶ 16.  Plaintiff filed a police report documenting the incident.  *See id.* at ¶ 18.

Pursuant to the FCRA, Plaintiff disputed the Account in writing with Experian Information Solutions, Inc. ("Experian")—a consumer reporting agency ("CRA").  *See id.* at ¶¶ 7, 21.  He alleges that Experian then notified Pennymac of the dispute and furnished it with a copy of the police report.  *See id.* at ¶ 21.  Nonetheless, Plaintiff says Pennymac "continued to collect on the Account[] after it had knowledge Plaintiff was the victim of identity theft," *id.* at ¶ 25, and "reported the Account[] to Experian after it had been disputed," *id.* at ¶ 26.  As a result, Plaintiff seeks to recover from Pennymac for emotional distress damages and damage to his creditworthiness under the FCRA, CCRAA, the Rosenthal Act, and CITA.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims made in the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  However, plaintiffs must also plead "enough facts to

---

[1] Plaintiff also maintains that an identity thief improperly opened accounts with defendants Merchants Credit Guide Company and Bank of America, N.A.  The allegations against Pennymac, Merchants Credit Guide Company, and Bank of America, N.A. are identical.  However, because only Pennymac brings this motion to dismiss, the Court discusses Plaintiff's allegations only as they relate to the Pennymac Account.

state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party.  *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  The court need not take legal conclusions as true merely because they are cast in the form of factual allegations.  *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading.  *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)).

\*\*\*

# III. DISCUSSION

Pennymac seeks to dismiss all of the claims against it. This includes four claims brought under the FCRA, CCRAA, the Rosenthal Act, and CITA. The Court addresses the sufficiency of each claim in turn.

## A.   FCRA Claim

Plaintiff first brings a claim against Pennymac under section 1681s-2 of the FCRA for allegedly providing inaccurate information to Experian. *See e.g.*, Compl. at ¶ 32. "To ensure that credit reports are accurate, the FCRA imposes duties on entities called 'furnishers,' which are the sources that provide credit information to credit reporting agencies." *Snyder v. Nationstar Mortg. LLC*, No. 15-cv-03049-JSC, 2015 U.S. Dist. LEXIS 154680, at *8 (N.D. Cal. Nov. 13, 2015) (citing *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153–54 (9th Cir. 2009)). Under the FCRA, one such duty is "triggered" when a furnisher "receives notice from the CRA that the consumer disputes the information." *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 978 (N.D. Cal. 2014) (quoting *Gorman*, 584 F.3d at 1154) (internal quotation marks omitted). "Upon receiving such a notice, the furnisher is required to conduct an investigation with respect to the disputed information and to take steps to ensure that any errors are corrected." *Id.* (quoting 15 U.S.C. § 1681s-2(b)) (internal quotation marks omitted). "'If an item of information disputed by a customer is found to be inaccurate or incomplete' following an investigation, the furnisher must modify, delete or block reporting of that information." *Finley v. Transunion*, No. 17-cv-07165-HSG, 2020 U.S. Dist. LEXIS 12151, at *6 (N.D. Cal. Jan. 24, 2020) (quoting 15 U.S.C. § 1681s-2(b)(1)).

FCRA section 1681s-2(b) provides a private right of action to challenge a furnisher's failure to investigate and report results after receiving notice of a dispute. *See Gorman*, 584 F.3d at. To prevail on a claim under section 1681s-2(b), a plaintiff must allege that: (1) she notified a CRA of a dispute regarding the accuracy of an account; (2) the CRA notified the furnisher of the information; and (3) the furnisher failed to take the remedial measures required by statute. *See Kozlowski v. Bank of Am., N.A.*, No. 1:18-

cv-00131-DAD-EPG, 2018 U.S. Dist. LEXIS 76887, at *8 (E.D. Cal. May 4, 2018) (citing *Matracia v. JP Morgan Chase Bank, N.A.*, No. 2:11-190 WBS JFM, 2011 U.S. Dist. LEXIS 128227, at *8 (E.D. Cal. Nov. 4, 2011)).

Plaintiff asserts that Experian is a CRA and Pennymac is a furnisher as those terms are defined by the FCRA. *See* Compl. at ¶¶ 5, 7. Taking the facts in the Complaint as true, Plaintiff informed Experian of the identity theft, disputing the Account, and Experian notified Pennymac of the dispute. *See id.* at ¶ 31. Thus, Plaintiff adequately alleges that the duty under section 1681s-2 was triggered. Plaintiff further asserts that Pennymac did not subsequently comply with the provisions of the FCRA. Namely, he claims that Pennymac did not "fully and properly investigate Plaintiff's dispute[]," "review all relevant information regarding" the Account, "accurately respond to EXPERIAN," or "permanently and lawfully correct its own internal records to prevent the re-reporting of the false information to EXPERIAN." *See id.* at ¶ 32. Without more, this is insufficient. Plaintiff does not identify the Account or the alleged inaccuracy. Nor does he explain how Pennymac failed to properly investigate the dispute. For example, there is no "chronology of correspondence" or other factual assertions as to what took place following Pennymac's notice. *See, e.g., Cisneros v. Trans Union, L.L.C.*, 293 F. Supp. 2d 1167, 1175 (D. Haw. 2003) (denying the defendant's motion to dismiss the plaintiff's FCRA claim stating that "[a]lthough vague, Plaintiff's complaint does provide a chronology of correspondence between Plaintiff and these Defendants"). And finally, Plaintiff does not factually support the contention that the Account was or is still being improperly reported. Therefore, the Court **DISMISSES** the FCRA claim against Pennymac with leave to amend.

**B.    CCRAA Claim**

Plaintiff's CCRAA cause of action is similarly insufficient under the Rule 12(b)(6) standard. Section 1785.25(a) of the CCRAA states that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

Cal. Civ. Code § 1785.25(a).

The only allegation supporting this claim is that Pennymac "violated California Civil Code §1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency that the Furnishers knew or should have known was incomplete or inaccurate." Compl. at ¶ 37(c). This is wholly insufficient as it is merely a formulaic recitation of the cause of action. Plaintiff does not allege the Account with any specificity. *See Caruso v. Cavalry Portfolio Svcs*, No. 19-CV-1224-CAB-AHG, 2019 U.S. Dist. LEXIS 208371, at *7 (S.D. Cal. Dec. 3, 2019). Nor does he identify any reported information, nonetheless that it was incomplete or inaccurate. Put simply, he does not factually assert any details about the Account, its accuracy, or Pennymac's reporting. Absent this information, Plaintiff's CCRAA claim cannot survive Rule 12(b)(6). Consequently, the Court **DISMISSES** the CCRAA claim against Pennymac with leave to amend.

**C.     Rosenthal Act Claim**

"Section 1788.17 of the Rosenthal Act incorporates certain provisions of the FDCPA. Thus, violations of the FDCPA's substantive provisions also violate section 1788.17." *Mariscal v. Flagstar Bank*, No. ED CV 19-2023-DMG (SHKx), 2020 U.S. Dist. LEXIS 151301, at *5 n.3 (C.D. Cal. Aug. 4, 2020) (first citing *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012); and then citing *Diaz v. Kubler Corp.*, 785 F.3d 1326, 1328 (9th Cir. 2015)). Pursuant to his Rosenthal Act claim, Plaintiff asserts that Pennymac is liable under section 1788.17(a) for failing to comply with various FDCPA provisions. *See* Compl. at ¶ 45. Specifically, 15 U.S.C. §§ 1692e, e(2)(a), e(8), e(10), f, and f(1). *See id.* at ¶ 45(a)–(f). Sections 1692e and 1692f generally prohibit a "debt collector" from using "unfair or unconscionable means" or "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §§ 1692e–f.

Plaintiff's Rosenthal Act allegations are, again, merely restatements of those statutes. As a starting point, Plaintiff does not adequately allege a debt, nonetheless that

it was consumer in nature. *See Cutler ex rel. Jay v. Sallie Mae, Inc.*, No. EDCV-13-2142-MWF (DTBx), 2014 U.S. Dist. LEXIS 181914, at *3–4 (C.D. Cal. Sep. 9, 2014) ("The FDCPA applies only to consumer debts, defined as 'any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.' 15 U.S.C. § 1692a(5)."). He also does not sufficiently assert that Pennymac is or was a "debt collector", or that it improperly attempted to collect on the Account. *See* Cal. Civ. Code § 1788.17. Further, Plaintiff fails to include any facts of Pennymac's alleged wrongdoing. Without this information, Pennymac is not on notice of its alleged wrongdoing and is unable to effectively defend itself. *See Starr*, 652 F.3d at 1216. Accordingly, the Court **DISMISSES** Plaintiff's Rosenthal Act claim against Pennymac with leave to amend.

**D.    CITA Claim**

Pursuant to CITA, "[a] person may bring an action against a claimant to establish that the person is a victim of identity theft in connection with the claimant's claim against that person." Cal. Civ. Code § 1798.93(a). "Cal. Civ. Code § 1798.92(a) defines a 'claimant' as 'a person who has or purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft.' The plain statutory terms of Cal. Civ. Code § 1798.93(a) provide that an identity theft victim may pursue an action only against a party that has made a 'claim against that person.'" *Sarukhanov v. J.P. Morgan Chase Bank, N.A.*, 691 F. App'x 383, 384 (9th Cir. 2017) (quoting Cal. Civ. Code § 1798.92(a)). The statute further defines a "victim of identity theft" as "a person who had his or her personal identifying information used without authorization by another to obtain credit, goods, services, money, or property, and did not use or possess the credit, goods, services, money, or property obtained by the identity theft, and filed a police report in this regard pursuant to Section 530.5 of the Penal Code." Cal. Civ. Code § 1798.92(d); *see also Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1092 (9th Cir. 2008). Pursuant to CITA,

> Civil penalties are available if the victim of identity theft proves all of the following by clear and convincing evidence:
>
> (A) That at least 30 days prior to filing an action or within the cross-complaint pursuant to this section, he or she provided written notice to the claimant at the address designated by the claimant for complaints related to credit reporting issues that a situation of identity theft might exist and explaining the basis for that belief.
>
> (B) That the claimant failed to diligently investigate the victim's notification of a possible identity theft.
>
> (C) That the claimant continued to pursue its claim against the victim after the claimant was presented with facts that were later held to entitle the victim to a judgment pursuant to this section.

*Satey*, 521 F.3d at 1092 (citing Cal. Civ. Code § 1798.93(c)(6)).

Plaintiff fails to adequately plead the elements of a CITA claim. For example, Plaintiff does not sufficiently allege that Pennymac is a "claimant" as defined by California law: a person who has "a present tense interest in a debt or attempt to collect." *Id.* The general, vague allegation that the Account exists is insufficient. Plaintiff must provide more information regarding the debt to show that Pennymac has a present interest in it. There is also no allegation in the Complaint that Plaintiff complied with the 30-day statutory notice requirement. Finally, the Court is dubious that the general statement that "Plaintiff is a victim of identity theft," *see* Compl. at ¶ 15, is sufficient to allege that he is, in fact, a victim of identity theft; that he "did not use or possess the credit, goods, services, money, or property obtained by the identity theft." *See Satey*, 521 F.3d at 1087. The Court, therefore, **DISMISSES** Plaintiff's CITA claim against Pennymac with leave to amend.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Pennymac's motion and **DISMISSES** Claims 1, 2, 4, and 5 against Pennymac with leave to amend. Plaintiff must file an amended complaint on or before **April 9, 2021**. Any amended complaint will be the operative pleading as to all defendants, and therefore all defendants must then respond within the time prescribed by Federal Rule of Civil Procedure 15. Defendants not named and any claim not re-alleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

**IT IS SO ORDERED.**

Dated: March 11, 2021

_____
HON. MICHAEL M. ANELLO
United States District Judge