UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ALFREDO LARA JR., | Case No.: 20-cv-2449-MMA (MDD) |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PENNYMAC LOAN SERVICES, LLC'S MOTION TO DISMISS** |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., et al., | [Doc. No. 22] |
| Defendants. | |

The Court previously granted Defendant Pennymac Loan Services, LLC's ("Pennymac") motion to dismiss. *See* Doc. No. 17. On April 6, 2021, Plaintiff Alfredo Lara Jr. ("Plaintiff") filed a First Amended Complaint against Pennymac, as well as Experian Information Solutions, Inc., Merchants Credit Guide Company, and Bank of America, N.A. *See* Doc. No. 18 ("FAC."). Plaintiff seeks to recover under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), the California Credit Consumer Reporting Agencies Act, Cal. Civ. Code § 1785.1 *et seq.* ("CCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the California Rosenthal Act, Cal. Civ. Code § 1788 *et seq.* ("Rosenthal Act"), and the California Identity Theft Act, Cal. Civ. Code § 1798.92 *et seq.* ("CITA").

Pennymac moves to dismiss the claims against it in the FAC. *See* Doc. No. 22. Plaintiff filed an opposition, to which Pennymac replied. *See* Doc. Nos. 27, 28. The Court found the matter suitable for disposition on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 29. For the reasons set forth below, the Court **GRANTS** in part and **DENIES** in part Pennymac's motion to dismiss.

## I. BACKGROUND

The facts are set forth more fully in the Court's order granting PennyMac's first motion to dismiss, *see* Doc. No. 17, which the Court incorporates by reference here. For the purpose of this motion, the Court provides the following summary, as updated by the FAC.

Plaintiff alleges that he is the victim of identity theft. *See* FAC at ¶ 15. According to him, an identity thief opened an account ending 0367 in his name with Pennymac (the "Account").[1] *See id.* at ¶ 23. He asserts that the Account was opened in September 2003 in Illinois. *See id.* at ¶¶ 15, 23. Plaintiff claims he has no affiliation with Illinois and did not open the Account. *See id.* at ¶ 16. According to Plaintiff, the Account is a consumer FHA mortgage that lists Ofelia Cervantes and Roberta Zuniga (collectively, the "Debtors") as jointly responsible (the "Mortgage"). *See id.* at ¶ 23. Plaintiff further asserts he does not know the Debtors and has never opened an account with them. *See id.* The Account has a balance of $49,632. *See id.*

Sometime before August 2020, Plaintiff learned of the Account. *See id.* at ¶ 26. Thereafter, he filed a police report. *See id.* On August 26, 2020, Plaintiff disputed the Account in writing with Experian Information Solutions, Inc. ("Experian")—a consumer

---

[1] Plaintiff also maintains that an identity thief improperly opened accounts with defendants Merchants Credit Guide Company and Bank of America, N.A. *See* FAC at ¶¶ 19–25. The general allegations against Pennymac, Merchants Credit Guide Company, and Bank of America, N.A. are identical. However, because only Pennymac brings this motion to dismiss, the Court discusses Plaintiff's allegations only as they relate to the Pennymac Account.

reporting agency—wherein he attached a copy of a police report. *See id.* at ¶ 29. He alleges that Experian sent him written notice of its investigation on September 22, 2020. *See id.* at ¶ 30. According to the notice, Experian investigated the dispute with Pennymac and determined that the Account did in fact belong to Plaintiff. *See id.* Accordingly, Pennymac continued reporting the Account as accurate. *See id.* at ¶ 33.

On February 11, 2021, Pennymac sent Plaintiff a letter stating that the Account was past due. *See id.* at ¶ 35. The letter stated that "this is an attempt by a debt collector to collect a debt." *Id.* As a result, Plaintiff seeks to recover from Pennymac for emotional distress damages and damage to his creditworthiness under the FCRA, CCRAA, the Rosenthal Act, and CITA.

## II. Legal Standard

A Rule 12(b)(6) motion tests the legal sufficiency of the claims made in the complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not

sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)).

### III. REQUEST FOR JUDICIAL NOTICE

As an initial matter, Pennymac asks the Court to take judicial notice of five exhibits in support of its motion to dismiss. *See* Doc. No. 22-2. For the purpose of understanding the context of these exhibits, the Court notes that it appears the Mortgage is secured by the real property located at 27 S. Lewis Avenue, Waukegan, Illinois 60085 (the "Property"). *See* Doc. No. 22-1 at 2. The exhibits relate to the Property.

The exhibits are purportedly true and correct copies of: (A) the Mortgage instrument dated September 7, 2003 for the Property, *see* Doc. No. 22-2 at 4; (B) an assignment of the Mortgage dated October 5, 2009, *see id.* at 12; (C) a lis pendens and notice of foreclosure recorded in state court in Illinois against the Property, *see id.* at 15; (D) a second assignment of the Mortgage dated August 10, 2015, *see id.* at 18; and (E) a third assignment of the Mortgage dated October 22, 2015, *see id.* at 21.

While, generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint, *see Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n.5 (9th Cir. 2003), a court may, however, consider certain materials, including matters of judicial notice, without converting the motion to dismiss into a motion for summary judgment, *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Plaintiff did not oppose the request. Moreover, the Court finds that all are proper for judicial notice as they are matters of public record whose accuracy cannot be reasonably questioned. *See* Fed. R. Evid. 201(b). Accordingly, the Court **GRANTS** the request and takes judicial notice of all five exhibits.

# IV. DISCUSSION

Plaintiff brings four claims against Pennymac pursuant to FCRA, CCRAA, the Rosenthal Act, and CITA. The Court previously dismissed these claims largely due to Plaintiff's failure to plead sufficient information to put Pennymac on notice—*i.e.*, facts concerning the Account and the reporting process. *See generally* Doc. No. 17. Plaintiff has since amended his complaint. *See* FAC. Nonetheless, Pennymac again seeks to dismiss all of the claims against it. The Court addresses the sufficiency of each claim in turn.

## A.  FCRA Claim

Plaintiff's first claim against Pennymac is under section 1681s-2(b) of the FCRA for allegedly providing inaccurate information to Experian. *See e.g.*, FAC at ¶ 40. FCRA section 1681s-2(b) provides a private right of action to challenge a furnisher's failure to investigate and report results after receiving notice of a dispute. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153–54 (9th Cir. 2009).

In support of its motion, Pennymac first argues that Plaintiff fails to adequately plead: (1) sufficient facts related to the investigation such that it was inadequate under the statute; and (2) that the allegedly violative conduct was willful. *See* Doc. No. 22-1 at 5. However, Plaintiff's allegations are sufficient to withstand Rule 12(b)(6) scrutiny. Plaintiff pleads that Pennymac received notice of the dispute on or about August 26, 2020. *See* FAC at ¶ 29. Thereafter, some investigation took place and ultimately, Pennymac determined that the disputed information was "verified as accurate." Doc. No. 18-4 at 5; *see also* FAC at ¶ 30. Plaintiff pleads that this investigation was inadequate. *See* FAC at ¶ 31. Based on these allegations, the Court can plausibly infer that Pennymac failed to conduct a reasonable investigation because if Pennymac had properly investigated the dispute, it would have determined that the information was inaccurate. Moreover, Plaintiff pleads, and explains in opposition, that he received no details about the investigation or correspondence from Pennymac on the matter. *See id.* at ¶ 31 ("Defendants provided no details of their alleged investigation"); *see also* Doc. No. 27 at

7. At this juncture, Plaintiff cannot be expected to plead the details of an investigation that Pennymac undertook and Plaintiff was not privy to.

Moreover, Plaintiff pleads that Pennymac's conduct was willful. *See* FAC at ¶ 44. Taking the facts in the FAC as true, the Debtors stole Plaintiff's identity and fraudulently opened the Account, *see id.* at ¶ 23, Pennymac knew the Account was inaccurate, *see id.* at ¶ 29, and Pennymac nonetheless reported it as accurate, *see id.* at ¶ 31. Based on this, the Court can plausibly infer that Pennymac's alleged violation was willful. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007) (holding that an FCRA violation is "willful" if it arises from a "reckless disregard" of a consumer's rights under the FCRA). Accordingly, Plaintiff sufficiently pleads the substantive elements of his FCRA claim.

Second, Pennymac argues that Plaintiff fails to allege "non-speculative and specific damages." Doc. No. 22-1 at 5. The private right of action under the FCRA encompasses both willful and negligent violations of section 1881s-2(b). *See DeVincenzi v. Experian Info. Sols., Inc.*, No. 16-CV-04628-LHK, 2017 U.S. Dist. LEXIS 3741, at *11 (N.D. Cal. Jan. 10, 2017). The difference between the two levels of intent impacts the available damages. Negligent noncompliance provides for "any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681o(a)(1). Whereas a plaintiff who proves that the violation was willful may recover actual damages or statutory damages between $100 and $1000, as well as any appropriate punitive damages. *See* 15 U.S.C. § 1681n(a).

Plaintiff does not allege that Pennymac's FCRA violation was negligent. As noted above, he does, however, adequately plead that Pennymac's violation was willful. *See* FAC at ¶ 44. Accordingly, because Plaintiff adequately pleads willfulness, statutory damages are available to him should he prevail. Plaintiff therefore does not need to plead actual damages to survive dismissal—regardless of the sufficiency of his pleading emotional distress and creditworthy damages. *See Vandonzel v. Experian Info. Sols., Inc.*, No. 17-CV-01819-LHK, 2017 U.S. Dist. LEXIS 120117, at *18-19 (N.D. Cal. July

31, 2017) ("[T]he Court finds that Plaintiff has sufficiently alleged an entitlement to statutory damages. This alone is adequate to sustain Plaintiff's FCRA claim."); *cf. Sion v. SunRun, Inc.*, No. 16-cv-05834-JST, 2017 U.S. Dist. LEXIS 35730, at *4 (N.D. Cal. Mar. 13, 2017) (discussing the need to plead non-speculative damages in the context of a *negligent* violation). Accordingly, because Plaintiff sufficiently pleads the substantive and damages elements of his FCRA claim, the Court **DENIES** Pennymac's motion to dismiss Plaintiff's FCRA claim.

B.   **CCRAA Claim**

Plaintiff's second cause of action is pursuant to the CCRAA, California's counterpart to the FCRA. *See Jaras v. Equifax Inc.*, 766 F. App'x 492, 494 (9th Cir. 2019). As with the FCRA claim, Pennymac argues that Plaintiff's CCRAA claim fails because Plaintiff does not plead actual damages. *See* Doc. No. 22-1 at 5. Similar to the prescribed damages under the FCRA, the CCRAA provides that:

> (1) In the case of a negligent violation, actual damages, including court costs, loss of wages, attorney's fees and, when applicable, pain and suffering.
>
> (2) In the case of a willful violation:
>    (A) Actual damages as set forth in paragraph (1) above;
>    (B) Punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper;
>    (C) Any other relief that the court deems proper.

Cal. Civ. Code § 1785.31(a)(1)–(2).

In support of his CCRAA claim, Plaintiff asserts that Pennymac's alleged violation was both "negligent and/or intentional," FAC at ¶ 49, and "willful and knowing," *id.* at ¶ 51. As discussed above in the FCRA context, because Plaintiff sufficiently pleads that Pennymac's actions were willful, statutory punitive damages are available. Accordingly, Plaintiff need not plead actual damages for the willful variation of his claim. The Court therefore **DENIES** Pennymac's motion to dismiss the willful CCRAA claim.

As to the negligence allegation, however, Plaintiff must plead actual damages. Plaintiff claims that he "has been damaged in amounts which are subject to proof." *Id.* at ¶ 50. More specifically, he alleges that the alleged violations caused him "emotional distress and damage to his credit worthiness." *Id.* at ¶ 36. Several courts in this Circuit have found that damages regarding creditworthiness are not sufficient to show actual damages. *See, e.g.*, *Gadomski v. Patelco Credit Union*, No. 2:17-cv-00695-TLN-AC, 2020 U.S. Dist. LEXIS 51070, at *10–11 (E.D. Cal. Mar. 23, 2020). Moreover, while Plaintiff may be able to state a claim for emotional distress as a result of the inaccurate reporting and unreasonable investigation, Plaintiff's present allegations are vague and conclusory. Accordingly, the Court **GRANTS** Pennymac's motion in this respect and **DISMISSES** Plaintiff's CCRAA negligence claim.

### C.   Rosenthal Act Claim

Third, Plaintiff brings a claim against Pennymac under the Rosenthal Act. A plaintiff may bring a claim under section 1788.17 of the Rosenthal Act for violations of the FDCPA's substantive provisions. *See Mariscal v. Flagstar Bank*, No. ED CV 19-2023-DMG (SHKx), 2020 U.S. Dist. LEXIS 151301, at *5 n.3 (C.D. Cal. Aug. 4, 2020) (first citing *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012); and then citing *Diaz v. Kubler Corp.*, 785 F.3d 1326, 1328 (9th Cir. 2015)). Plaintiff asserts that Pennymac is liable under section 1788.17(a) for failing to comply with FDCPA sections 1692e, e(2)(a), e(8), e(10), f, and f(1). *See* FAC at ¶ 56(a)–(f). Sections 1692e and 1692f generally prohibit a "debt collector" from using "unfair or unconscionable means" or "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §§ 1692e–f.

Pennymac first asserts that Plaintiff's section 1692e and 1692f claims fail because he does not adequately allege that Pennymac "engaged in Rosenthal Act 'debt collection' let alone us[ed] false, deceptive, or unconscionable means." Doc. No. 22-1 at 7. A review of the FAC, however, reveals that Plaintiff satisfies his pleading burden. Generally, Plaintiff alleges that Pennymac engaged in debt collection. *See* FAC at ¶ 5.

Moreover, according to the FAC, Pennymac's February 11, 2021 letter to Plaintiff states that "this is an attempt by a debt collector to collect a debt." *Id.* at ¶ 35; *see also* Doc. No. 18-6 at 3. Further, throughout the FAC, Plaintiff generally and sufficiently alleges that Pennymac knew the Account was inaccurate. *See, e.g.*, FAC at ¶ 31. Accordingly, taking the allegations as true, the Court can plausibly infer that Pennymac attempted to collect on the Account and that—because the Account was inaccurate—this attempt was false, deceptive, unfair, misleading, or unconscionable. The Court therefore **DENIES** Pennymac's motion to dismiss on this basis.

Pennymac also argues that the Court should dismiss Plaintiff's third claim to the extent it is based upon an alleged violation of FDCPA section 1692f. Citing to section 1692f, Pennymac argues that "[t]he plain language of § 1692(f)(1) does not concern disputes over the legitimacy of an agreement, but rather prohibits the collection of 'any amount' of a debt 'unless such amount is expressly authorized by the agreement creating the debt or permitted by law.'" Doc. No. 22-1 at 7. According to Pennymac, because Plaintiff "claims he is not properly bound by the mortgage, but does not dispute the amount of payment authorized under the mortgage," he cannot bring a claim under 1692f(1). *Id.*

Subsection 1692f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Pennymac appears to be correct that Plaintiff has not demonstrated how the facts of his case support a section 1692f(1) violation. Plaintiff does not contend that Pennymac was attempting to collect beyond what the agreement allowed. To be sure, he claims that there is no valid agreement between himself and Pennymac. *See* FAC at ¶ 18.

In opposition, Plaintiff argues that "the FDCPA protects consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists." Doc. No. 27 at 9. However, the cases he relies on do not consider

whether, or hold that, a section 1692f(1) claim can be premised on an allegedly invalid debt. *See Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1177 (9th Cir. 2006); *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 780 (9th Cir. 1982); *Heathman v. Portfolio Recovery Assocs.*, LLC, No. 12-CV-201-IEG (RBB), 2013 U.S. Dist. LEXIS 27057, at *12 (S.D. Cal. Feb. 27, 2013). Instead, it appears that a section 1692f claim cannot be based upon the present facts. *See Petrosyan v. CACH, LLC*, No. CV 12-8683-GW(JEMx), 2013 U.S. Dist. LEXIS 189383, at *7 (C.D. Cal. Jan. 3, 2013). Accordingly, Plaintiff does not state a claim under section 1692f upon which relief can be granted. The Court therefore **GRANTS** Pennymac's motion and **DISMISSES** the Rosenthal Act claim to the extent it is based upon an alleged violation of 15 U.S.C. § 1692f.

**D.   CITA Claim**

Fourth, Plaintiff brings a CITA claim against Pennymac. Pursuant to CITA, "[a] person may bring an action against a claimant to establish that the person is a victim of identity theft in connection with the claimant's claim against that person." Cal. Civ. Code § 1798.93(a). The parties agree, *see* Doc. Nos. 22-1 at 4; 27 at 5, that a CITA claim must be brought within four years of when the alleged identity theft victim "knew or, in the exercise of reasonable diligence, should have known of the existence of facts which would give rise to the bringing of the action or joinder of the defendant." Civ. Code § 1798.96.

According to Pennymac, Plaintiff's CITA claim is time barred. *See* Doc. No. 22-1 at 2. Pennymac explains that the Account is secured by the Property and that a lis pendens and notice of foreclosure were recorded against the Property in October 2009. *See id.* at 3. Therefore, Pennymac argues that Plaintiff knew or should have known about the Account when he learned of the foreclosure in 2009—eleven years prior to filing suit. Alternatively, Pennymac argues that Bank of America and then Pennymac began

reporting on the Account in 2012 and 2015, respectively.[2] *See id.* at 4. Pennymac asserts that "any of these events would have alerted Mr. Lara of a $85,589 mortgage in his name." *Id.*

In opposition, Plaintiff argues that he has no real property in Illinois and therefore "had no knowledge of any alleged foreclosure proceedings." *See* Doc. No. 27 at 5. Instead, he says he learned of the Account sometime before July 2020, when he was attempting to finance the purchase of a vehicle and his credit report revealed the Account. *See id.*

Pennymac offers the five judicially noticed exhibits discussed above in support of its position. While the Court must take judicial notice of the exhibits under Federal Rule of Evidence 201(c)(2), and may consider them on a motion to dismiss, *see Ritchie*, 342 F.3d at 908, the Court will not rely on them to "short-circuit the resolution of a well-pleaded claim." *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 829–30 (N.D. Cal. 2019). In *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018), the Ninth Circuit cautioned against the use of judicial notice to allow defendants to "use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." 899 F.3d at 1002. Accordingly, "a district court may grant a motion to dismiss on statute of limitations grounds 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Lee v. U.S. Bank*, No. C 10-1434 RS, 2010 U.S. Dist. LEXIS 66182, at *15 (N.D. Cal. June 30, 2010) (quoting *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000)); *see also Conerly v. Westinghouse Electric Corp.*, 623 F.2d 117, 119 (9th Cir. 1980) ("When the running of the statute is apparent from the face of the complaint . . . the defense may be raised by a motion to dismiss."). The Court therefore looks only to

---

[2] Pennymac explains that Bank of America assigned the Account to Pennymac in August 2015. *See* Doc. No. 22-1 at 3.

the face of the FAC in determining the timeliness of Plaintiff's CITA claim.[3]

Looking solely at the allegations in the FAC, and taking them as true, Plaintiff learned of the Account sometime before filing a police report in July 2020. *See* FAC at ¶ 26. There is nothing on the face of the FAC to suggest that Plaintiff received notice earlier—either during the Property's foreclosure or during Pennymac's and its predecessor's reporting. Consequently, the statute of limitations defense is not apparent from the face of the FAC. *See Khoja*, 899 F.3d at 999 (declining to dismiss claims because the statute of limitations defense as not apparent from the face of the complaint). Therefore, the Court **DENIES** Pennymac's motion to dismiss the CITA claim without prejudice to Pennymac reasserting its statute of limitations defense as its answer to this claim.

## V. C<span>ONCLUSION</span>

For the foregoing reasons, the Court **GRANTS** in part Pennymac's motion and **DISMISSES** Plaintiff's CCRAA negligence claim and Plaintiff's Rosenthal Act claim. The Court **DENIES** the remainder of Pennymac's motion. If Plaintiff wishes to file a second amended complaint, he must do so on or before **July 15, 2021**. Any amended complaint will be the operative pleading as to all defendants, and therefore all defendants must then respond within the time prescribed by Federal Rule of Civil Procedure 15. Defendants not named and any claim not re-alleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that

---

[3] Moreover, even if permitted, the Court is not inclined to rule on the timeliness issue at the dismissal stage because it appears to be heavily intertwined with the merits of this case. Following Pennymac's statute of limitations argument, Plaintiff received notice during the Property's foreclosure because he in fact owns the property. If true, this would mean there was no identity theft and the Account is accurate, thus disproving all of Plaintiff's claims. Accordingly, Pennymac's statute of limitations defense would be better addressed "in conjunction with the merits of [Plaintiff's] claims, after [Pennymac] file[s] an answer and [Plaintiff] files a reply." *See Moore v. Gittere*, No. 2:13-cv-00655-JCM-DJA, 2021 U.S. Dist. LEXIS 36319, at *27 (D. Nev. Feb. 26, 2021).

claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"). Should Plaintiff choose not to further amend his claims, the assigned United States Magistrate Judge will issue a scheduling order in due course.

**IT IS SO ORDERED.**

Dated: June 24, 2021

HON. MICHAEL M. ANELLO
United States District Judge